G. Llinás & Co., *S. en C.*, Appellant, *v.* Registrar of Property of San Germán, Respondent.

No. 993.  Submitted April 19, 1937.—Decided May 25, 1937.

*L. López de Victoria* for appellant.  The registrar appeared by brief.

Mr. Justice Wolf delivered the opinion of the court.

In a deed made on the 11th of June 1934, the married couple Ramón Rodríguez and Elisa Barrero Morales, confessed that they owed G. Llinás & Co. the sum of $2,412.38 as the result of a liquidation of current accounts between the parties which arose from the "*refacción*" (crop loan) of a certain parcel of land. To secure this obligation, in the same

deed and on the same property, the debtors executed a mortgage. The ninth clause of the deed contained the following provision:

"Ramón Rodríguez Cruz and his wife Elisa Barrero Morales formally and expressly waive, during the subsistence of this lien, in favor of the creditor, her successors or assignees, all right of Homestead which they may at present have or may in the future acquire on the mortgaged realty."

The registrar of property on presentation of the deed on the 16th of March 1937, made the following entry:

"Record is made of the mortgage contained in the preceding document, at folio 121 of volume 38 of Maricao, property number 1061, sixth inscription, such right being limited to the area of said farm, according to the survey which was made of it for the purposes of mortgaging it to the Federal Bank, such area amounting to 76.979 cuerdas, the record as to the remaining excess of 7.021 cuerdas being therefore denied, and a cautionary notice of 120 days taken in favor of the creditor instead. A cautionary notice for a similar term was taken with regard to the ninth clause of the deed which refers to the waiver of the Homestead by the debtors, the record of which was likewise denied, such right being at present unrenounceable under the law. The property is charged with a prior mortgage in favor of the Federal Land Bank of Baltimore, with another mortgage in favor of the United States of America, and with an attachment in favor of 'G. Llinás & Co.'—San Germán, March 25, 1937."

Section 3 of the Homestead Act of March 12, 1903, provided:

"That no release, waver (waiver) or conveyance of an estate so exempted shall be valid unless so expressly provided in the instrument of conveyance by such householder his or her wife or husband, if he or she have one, or unless possession is obtained or given up pursuant to the conveyance, or without the orders of the district court directing tne release thereof whenever the exemption is continued to a child or children."

The registrar concedes that if the deed had been presented when made, namely, on the 11th of June 1934, no question would have arisen, but he maintains that under section

146 of the Mortgage Law, no mortgage arose until the deed was recorded; that as the mortgage only took effect on March 16, 1937, the alleged attempt to renounce the homestead right is governed by the Homestead Act of 1936 (Act No. 87 of 1936, p. 460) the pertinent provision of which says:

"Section 1.— .　　.　 ·.　 .　 .　 .　 ·.　 .
This right of homestead is unrenounceable and any pact to the contrary is declared null."

Section 1758 of the Civil Code enacts:

"The following are essential requisites of the contracts of the pledge and of mortgage.

"1.—That they be constituted to secure the fulfillment of a principal obligation.

"　*　　　*　　　*　　　*　　　*　　　*　　　* "

The principal obligation between the parties was the debt which they intended to secure by mortgage, and it was agreed at the time of the execution of the deed that the debtors would renounce any homestead right. The subsistence of this agreement did not depend upon the record of the deed which constituted the mortgage. The agreement to renounce was prior to the record or the Act of 1936.

In point of fact, as it seems to us he should have done, the registrar recorded the mortgage. Numerous agreements in a deed such as those which relate to the execution of the mortgage, only become effective when the record is made. Logically, however, most of the agreements precede the imposition of the encumbrance upon the property.

The note should be reversed and the record made.